UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

PEDRO RIVERA,                                                     Docket No. 07 CIV 8788 (CLB)

          **Plaintiff,**

      -against-                                                              **ANSWER**

ALLSERVICES MAINTENANCE NY,
INC.,

          **Defendant.**

------------------------------------------------------x

      Defendant, **ALLSERVICES MAINTENANCE NY, INC.**, ("Allservices") by and through its attorneys, **MILMAN LABUDA LAW GROUP PLLC,** hereby answers the Complaint of Plaintiff, **PEDRO RIVERA**, ("Rivera"), as follows:

1.     The allegations set forth in paragraph number 1 of the Complaint merely describe the nature of the action. As such, no response is required or made.

2.     The assertions contained in paragraph number 2 of the Complaint merely state the relief sought in this action. As such, no response is required or made.

3.     Defendant hereby admits the truth of the allegations contained in paragraphs numbered 4 and 8 of the Complaint.

4.     Defendant hereby denies the truth of the allegations contained in paragraphs numbered 3, 5, 11, 12, 13, 14, 15, 18, 19, 21 and 22 of the Complaint.

5.     Defendant denies possession of knowledge and information sufficient to form a belief concerning the truth of the allegations contained in paragraphs numbered 6 and 16 of the Complaint.

6.   Defendant hereby admits the truth of those portions of paragraph numbered 7 that allege that Plaintiff is a forty seven year old Hispanic male. Defendant hereby denies possession of knowledge and information sufficient to form a belief concerning the truth of that portion of paragraph numbered 7 that alleges that Plaintiff is resident of the State of New York, County of Westchester.

7.   Defendant hereby admits the truth of those portions of paragraph numbered 10 that allege that Plaintiff was employed by the Defendant for approximately two (2) years. Defendant hereby denies possession of knowledge and information sufficient to form a belief concerning the truth of that portion of paragraph numbered 10 that alleges that Plaintiff suffered from high blood pressure and related problems which require medical attention and periodic monitoring. Defendant hereby denies the truth of that portion of paragraph numbered 10 that alleges that Defendant was aware that Plaintiff suffered from high blood pressure and related problems which require medical attention and periodic monitoring.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

8.   With respect to the first cause of action contained in the Complaint, Plaintiff fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

9.   With respect to the first cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

10.   With respect to the first cause of action contained in the Complaint, any injury, emotional distress, anguish, pain and suffering and humiliation suffered by Plaintiff were

caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. With respect to the first cause of action contained in the Complaint, the conduct attributed to the Defendant is not sufficiently severe or pervasive as to warrant an award of punitive damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12. With respect to the second cause of action contained in the Complaint, Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13. With respect to the second cause of action contained in the Complaint, Defendant at all times acted for legitimate, non-discriminatory and non-retaliatory reasons.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. With respect to the second cause of action contained in the Complaint, any injury, emotional distress, anguish, pain and suffering and humiliation suffered by Plaintiff were caused by facts and circumstances wholly apart from and not attributable to the conduct of the Defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15. With respect to the second cause of action contained in the Complaint, the New York State Executive Law does not authorize an award of punitive damages.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE

16. With respect to all causes of action contained in the Complaint, Plaintiff has failed to exhaust available internal remedies.

17.     Plaintiff's position was covered under a collective bargaining agreement between the Defendant and Local 32B-32J, Service Employees International Union ("Union").

18.     The collective bargaining agreement provided for binding arbitration in the event of a dispute between the parties.

19.     Following his termination of employment, Plaintiff never filed a grievance with the Union.

20.     Arbitration would have afforded the Plaintiff with a potential of full recovery in the event he prevailed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.     Plaintiff filed a Charge of Discrimination at the Equal Employment Opportunity Commission ("EEOC") on or about June 18, 2007.

36.     The EEOC did not conduct a full investigation into the Plaintiff's Complaint.

37.     The EEOC did not conduct any conciliation of the Plaintiff's Complaint as required by statute.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

38      With respect to all causes of action contained in the Complaint, Plaintiff has failed to mitigate his damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

39.     With respect to all causes of action contained in the Complaint, any claim for illness and/or injury is pre-empted by the executive remedy provided by the Workers' Compensation statute.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

40. The Defendant maintains uniform and consistently-enforced personnel policies and practices.

41. Among the policies and practices maintained by the Defendant is a policy against discrimination on the basis of, *inter alia*, disability or non-disqualifying handicap.

42. The policy against discrimination contains an effective complaint procedure.

43. Plaintiff has failed or refused to utilize the Defendant's complaint procedure with respect to his discharge.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

44. With respect to all causes of action contained in the Complaint, Plaintiff was not discharged.

45. Plaintiff voluntarily abandoned his employment with the Defendant.

**WHEREFORE**, for all of the reasons set forth above, Defendant, **ALLSERVICES MAINTENANCE NY, INC.** respectfully prays for an Order dismissing the Complaint of the Plaintiff, **PEDRO RIVERA**, and each and every part thereof, for the costs and disbursements of the action, including reasonable attorney's fees, and for such other and further relief as to the Honorable Court may seem just and proper.

Dated: Lake Success, NY
       November 1, 2007

Perry S. Heidecker, Esq. (PH 6955)
Milman Labuda Law Group PLLC
Attorneys for Defendant
3000 Marcus Avenue, Suite 3W3
Lake Success, New York 11042
(516) 328-8899

TO: Paul N. Cisternino, Esq.
Attorney for Plaintiff
16 Briarbrook Road
Ossining, New York 10562
(914) 330-1527